UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA MILENKOVICH,

    Plaintiff,

vs

    Case No. 20-
    Hon.

COSTCO WHOLESALE CORP,
a foreign corporation,
TYSON FOODS, INC.,
a foreign corporation and
CLUB DEMONSTRATION SERVICES, INC.,
a foreign corporation,

    Defendants.

_____/

POTTER, DeAGOSTINO, O'DEA & CLARK
STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P33344)
TREVOR S. POTTER (P84253)
Attorneys for Plaintiff
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248)377-1700 / Fax (248)377-0051
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MARSHA MILENKOVICH, by and through her attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and for her Complaint, hereby states as follows:

    1.    Plaintiff, Marsha Milenkovich, is a resident of Oakland County, Michigan.

2. Upon information and belief, Defendant, Costco Wholesale Corporation, is a corporation incorporated in the state of Washington with its principal place of business in the state of Washington.

3. Upon information and belief, Defendant, Tyson Foods, Inc., is a corporation incorporated in the state of Arkansas with its principal place of business in the state of Arkansas.

4. Upon information and belief, Defendant, Club Demonstration Services, Inc., is a corporation incorporated in the state of Connecticut with its principal place of business in the state of California.

5. That at all times relevant to the instant action, Defendants regularly conducted business in the county of Macomb, state of Michigan.

6. That the amount in controversy exceeds $75,000.00 and jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. That on September 28, 2019, Plaintiff was a business invitee at Defendant Costco Wholesale Corporation's store located at 45460 Market Street, Utica, Michigan.

8. That on September 28, 2019, Defendants Costco Wholesale Corporation and Club Demonstration Services, Inc., were promoting samples of Defendant Tyson Foods, Inc.,'s "Fully Cooked Crispy Chicken Strips."

9. That on September 28, 2019, Defendants provided and/or supplied a sample of the above referenced crispy chicken strip to Plaintiff while Plaintiff was inside Defendant Costco Wholesale Corporation's store.

10. That upon biting into the crispy chicken strip, Plaintiff bit down into a hard, foreign object that existed in the crispy chicken strip.

## COUNT I - NEGLIGENCE (ALL DEFENDANTS)

11. That Plaintiff restates and re-alleges paragraphs one (1) through ten (10) above, as if set forth more specifically herein.

12. That at all times relevant, including on September 28, 2019, Defendants owed a duty to exercise reasonable care and caution in supplying, preparing, providing and serving food, and to insured that the food was in a reasonably safe condition for consumption by Plaintiff and/or other invitees.

13. That at all times relevant, including on September 28, 2019, Defendants owed a duty to insured that the food it supplied and served was wholesome and fit for human consumption, and that it was free from foreign objects that would pose a threat to human life or health.

14. That Defendants breached the aforementioned duties including and was negligent in numerous aspects including, without limitation:

3

    A. Negligently, carelessly, and recklessly supplying, preparing and serving food when it was known or should have been known that such food was unreasonable and an in an unsafe condition;

    B. Negligently, carelessly, and recklessly failing to keep its food free from foreign objects and substances;

    C. Negligently, carelessly, and recklessly failing to ensure that the food served was free from foreign objects that would pose a threat to human life or health;

    D. Negligently, carelessly, and recklessly failing to use due care to inspect the food to discover any possible foreign objects or substances which may cause a potential hazard to Plaintiff and/or other invitees;

    E. Negligently, carelessly, and recklessly failing to warn Plaintiff and/or other invitees that the food served contained foreign objects that would pose a threat to human life or health; and

    F. Other acts of negligence which will be disclosed through discovery.

15. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained multiple injuries including but not limited to a cracked implant in her mouth.

16. That as a direct and proximate result of the negligence of Defendants, Plaintiff sustained the following damages, past and/or future:

    A. Physical pain and suffering;
    B. Mental anguish;
    C. Fright and shock;
    D. Denial of social pleasure and enjoyments;
    E. Embarrassments, humiliation and mortification;
    F. Disability;
    G. Aggravation of pre-existing conditions;

H.  Medical and/or dental expenses.

WHEREFORE, Plaintiff, MARSHA MILENKOVICH, prays for a Judgment against Defendants in whatever amount in excess of $75,000.00 she is deemed entitled to by this Honorable Court and/or a jury plus costs, interest and attorneys' fees.

### COUNT II- VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT(ALL DEFENDANTS)

17.  That Plaintiff restates and re-alleges paragraphs one (1) through sixteen (16) above, as if set forth more specifically herein.

18.  That Defendants were engaged in "trade or commerce" as defined under MCL 445.902(2)(g) of the Michigan Consumer Protection Act.

19.  That Defendants, in the course of their transaction with Plaintiff, engaged in unfair trad practices, including but not limited to the following:

    A.  Representing that its goods had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have, in violation of MCL 445.903(1)(c);
    B.  Representing that its good were of a particular standard, quality, or grade, when they were not, in violation of MCL 445.903(1)(e);
    C.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer and which, in fact, could not reasonably be known by the consumer, in violation of MCL 445.903(1)(s);
    D.  Other acts which constitute unfair trade practices and which are violations of the Michigan Consumer Protection Act, not

yet known but which may be revealed in discovery in this litigation.

20. That Defendants breached an implied warranty that resulted in a violation of the Michigan Consumer Protection Act, entitling Plaintiff to attorney fees pursuant to MCL 445.903(1).

21. That Defendants expressly promised that the food sold was of high quality and violated the promise under the Michigan Consumer Protection Act, MCL 445.903(1).

22. That as a direct and proximate result of Defendants' violation of the Michigan Consumer Protection Act, Plaintiff sustained the following damages, past and/or future:

    A. Physical pain and suffering;
    B. Mental anguish;
    C. Fright and shock;
    D. Denial of social pleasure and enjoyments;
    E. Embarrassments, humiliation and mortification;
    F. Disability;
    G. Aggravation of pre-existing conditions;
    H. Medical and/or dental expenses.

WHEREFORE, Plaintiff, MARSHA MILENKOVICH, prays for a Judgment against Defendants in whatever amount in excess of $75,000.00 she is

deemed entitled to by this Honorable Court and/or a jury plus costs, interest and attorneys' fees.

## COUNT III - BREACH OF WARRANTY (ALL DEFENDANTS)

23. That Plaintiff restates and re-alleges paragraphs one (1) through twenty two (22) above, as if set forth more specifically herein.

24. That Defendants prepared, marketed, distributed, supplied and/or sold the crispy chicken strips to Plaintiff, they represented and expressly and/or impliedly warranted to purchasers and/or foreseeable users of its food products, that the products were merchantable and fit for their intended purpose, that is human consumption, without causing injury or illness to hte consumer or foreseeable consumers of these products.

25. That Defendants breached express and/or implied warranties in that the chicken strips was prepared, marketed, distributed, supplied and/or sold in such a condition that resulted in the product causing severe harm to Plaintiff as alleged herein.

26. That as a direct and proximate result of Defendants' breach of these warranties, Plaintiff sustained the following damages, past and/or future:

    A. Physical pain and suffering;
    B. Mental anguish;
    C. Fright and shock;

  D. Denial of social pleasure and enjoyments;
  E. Embarrassments, humiliation and mortification;
  F. Disability;
  G. Aggravation of pre-existing conditions;
  H. Medical and/or dental expenses.

WHEREFORE, Plaintiff, MARSHA MILENKOVICH, prays for a Judgment against Defendants in whatever amount in excess of $75,000.00 she is deemed entitled to by this Honorable Court and/or a jury plus costs, interest and attorneys' fees.

## COUNT IV - STRICT LIABILITY (VIOLATION OF THE MICHIGAN FOOD LAW) (ALL DEFENDANTS)

27. That Plaintiff restates and re-alleges paragraphs one (1) through twenty six (26) above, as if set forth more specifically herein.

28. That Defendants were subject o the Michigan Food Law of 2000, MCL 289.1101 et seq.

29. That Defendants' serving of food contaminated with foreign objects, violated the Michigan Food Law.

30. That Defendants are strictly liable to Plaintiff as a result of its statutory violation.

8

31. That as a direct and proximate result of Defendants' breach of these warranties, Plaintiff sustained the following damages, past and/or future:

    A.    Physical pain and suffering;
    B.    Mental anguish;
    C.    Fright and shock;
    D.    Denial of social pleasure and enjoyments;
    E.    Embarrassments, humiliation and mortification;
    F.    Disability;
    G.    Aggravation of pre-existing conditions;
    H.    Medical and/or dental expenses.

WHEREFORE, Plaintiff, MARSHA MILENKOVICH, prays for a Judgment against Defendants in whatever amount in excess of $75,000.00 she is deemed entitled to by this Honorable Court and/or a jury plus costs, interest and attorneys' fees.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated: November 12, 2020

/s/ ROBERT C. CLARK (P76359)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Plaintiff
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rclark@potterlaw.com